**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YICK Q. LEE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

- against -

13123 ROCKAWAY PROPERTY INC. and DRAGON KING RESTAURANT 268 INC.,

Defendants.

Case No. 1:26-cv-05885 (HG)

**ANSWER, AFFIRMATIVE DEFENSES OF DEFENDANT DRAGON KING RESTAURANT 268 INC.**

JURY TRIAL DEMANDED

Defendant Dragon King Restaurant 268 Inc. ("Dragon King" or "Tenant"), by its attorneys, The Costo Law Offices, as and for its Answer and Affirmative Defenses in response to the Complaint of Plaintiff Yick Q. Lee ("Plaintiff") dated September 20, 2026 (ECF No. 1) (the "Complaint"), respectfully states as follows:

## GENERAL DENIAL

Dragon King denies each and every allegation of the Complaint not expressly admitted herein, including any allegations contained in headings, sub-headings, unnumbered paragraphs, footnotes, and the Prayer for Relief. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. To the extent any paragraph of the Complaint states a conclusion of law, no response is required; to the extent a response is deemed required, Dragon King denies such allegations and respectfully refers all questions of law to the Court. Allegations directed solely at co-defendant 13123 Rockaway Property Inc. ("Rockaway Property" or "Landlord") require no response from Dragon King; to the extent a response is deemed required, Dragon King denies knowledge or information sufficient to form a belief as to their truth except as expressly stated below. The headings of the Complaint are repeated below solely for ease of reference, and Dragon King does not admit any characterization contained therein.

## RESPONSES TO THE NUMBERED ALLEGATIONS OF THE COMPLAINT

**"Statement of Claim"**

1. Denies the allegations of paragraph 1 of the Complaint.

2. Denies the allegations of paragraph 2 of the Complaint, except admits that Plaintiff purports to bring this action, individually and on behalf of a putative class, under the statutes referenced therein. Dragon King denies that it violated any such statute and denies that this action may properly be maintained as a class action.

3. Denies the allegations of paragraph 3 of the Complaint, except admits that Plaintiff purports to seek the relief described therein, and denies that Plaintiff is entitled to any relief whatsoever.

**"Venue and Jurisdiction"**

4. Paragraph 4 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King denies the allegations of paragraph 4, except admits that Plaintiff purports to invoke the jurisdiction of this Court under the statutes cited, and denies that Plaintiff has Article III standing to invoke that jurisdiction.

5. Paragraph 5 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King denies the allegations of paragraph 5 and respectfully submits that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state and municipal law claims pursuant to 28 U.S.C. § 1367(c).

6. Paragraph 6 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King does not contest that venue lies in this District, but denies that any event or omission giving rise to liability on its part occurred.

7. Paragraph 7 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King denies the allegations of paragraph 7, except admits that Plaintiff purports to invoke the statutes cited therein.

**"Parties"**

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, as no address was provided.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Admits the allegations of paragraph 11 of the Complaint.

12. Denies the allegations of paragraph 12 of the Complaint.

**"Class Action"**

13. Denies the allegations of paragraph 13 of the Complaint, except admits that Plaintiff purports to bring this action on behalf of a putative class, and denies that any class may properly be certified.

14. Denies the allegations of paragraph 14 of the Complaint, including each of subparagraphs (a) through (e) thereof.

15. Paragraph 15 of the Complaint does not contain allegations of fact to which a response is required. To the extent a response is deemed required, Dragon King denies that any class exists or may be certified.

**"Statutory Scheme"**

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and respectfully refers the Court to the source materials referenced therein for their contents.

17–27. Paragraphs 17 through 27 of the Complaint purport to characterize the requirements of federal, state, and municipal statutes, regulations, and codes, and state conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King denies the allegations of paragraphs 17 through 27 to the extent they are inconsistent with or incomplete statements of the law, respectfully refers the Court to the referenced statutes, regulations, standards, and codes for their full and complete contents, and denies that any such provision was violated by Dragon King. Dragon King specifically denies that any alteration, change in main use, or change in dominant occupancy of the Building, as alleged in paragraph 26 of the Complaint, was undertaken by Dragon King.

28. Paragraph 28 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King denies the allegations of paragraph 28 to the extent they are inconsistent with or an incomplete statement of the law, and avers that, while a landlord and tenant may each bear obligations to the plaintiff under Title III, "[a]s between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract." 28 C.F.R. § 36.201(b).

29. Paragraph 29 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King admits that the owner and landlord of a building that houses a place of public accommodation is subject to the obligations of Title III of the ADA, the New York State Human Rights Law, and the New York City Human Rights Law with respect to that building; denies that a lease is "superseded" as between the

landlord and tenant, *see* 28 C.F.R. § 36.201(b); and otherwise denies the allegations of paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King denies the allegations of paragraph 30 to the extent they are inconsistent with or an incomplete statement of the law, including as to the intent required for recovery of damages, punitive damages, and civil penalties.

**"Factual Background"**

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Admits that Rockaway Property owns the Building, which contains the Demised Premises in which Dragon King operates Dragon King Restaurant, and otherwise denies the allegations of paragraph 32 of the Complaint.

33. Denies the allegations of paragraph 33 of the Complaint, except admits that Dragon King, as tenant, operates Dragon King Restaurant within the Demised Premises.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and avers that the sidewalk, the exterior walkway, the Building entrance and storefront, and the floor elevation of the Building are not part of the Demised Premises and are owned, controlled, and maintained by Rockaway Property.

35. Denies the allegations of paragraph 35 of the Complaint insofar as they are directed at Dragon King, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 insofar as they concern alterations performed by Rockaway Property or by any predecessor owner or tenant.

36. Denies the allegations of paragraph 36 of the Complaint insofar as they are directed at Dragon King, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 insofar as they concern alterations performed by Rockaway Property or by any predecessor owner or tenant.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint concerning Plaintiff's alleged visits, and otherwise denies the allegations of paragraph 37.

38. Denies the allegations of paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. Denies the allegations of paragraph 40 of the Complaint, including each of subparagraphs (a) through (j) thereof. Dragon King further avers that: (i) the conditions alleged in subparagraphs (a) through (f) and (i) concern the public sidewalk, the exterior walkway and approach, changes in level between the sidewalk and the Building, the Building entrance and storefront, and the Building's means of egress, all of which are structural or exterior elements of the Building outside the Demised Premises and within the ownership, possession, and control of Rockaway Property, *see, e.g.*, N.Y.C. Admin. Code § 7-210 (imposing duty to maintain sidewalk upon the owner of the abutting real property); (ii) Plaintiff, who alleges that he was unable to enter the restaurant (Compl. ¶ 37), lacks personal knowledge of, and has not encountered, the interior counter conditions alleged "upon information and belief" in subparagraphs (g) and (h); and (iii) subparagraph (j) misstates the governing standard, which prescribes a *minimum*, not a maximum, door-closing time of five seconds, *see* 2010 Standards § 404.2.8.1, such that a closing time of "more than 5 seconds" does not constitute a violation.

41. Denies the allegations of paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43. Denies the allegations of paragraph 43 of the Complaint.

44. Denies the allegations of paragraph 44 of the Complaint.

**"First Cause of Action" (ADA)**

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King admits that it operates a restaurant open to the public within the Demised Premises, respectfully refers all questions of law to the Court, and otherwise denies the allegations of paragraph 46.

47. Admits that Dragon King Restaurant is a restaurant whose primary function is food service, and otherwise denies the allegations of paragraph 47 of the Complaint.

48–71. Denies the allegations of paragraphs 48 through 71 of the Complaint, inclusive. Dragon King specifically denies that the Building was designed and constructed for first occupancy after January 26, 1993, so as to be subject to 42 U.S.C. § 12183(a)(1), as alleged in paragraph 51, and denies that it undertook any alteration affecting the areas alleged to be inaccessible, as alleged in paragraphs 54 and 55.

**"Second Cause of Action" (NYSHRL)**

72. In response to paragraph 72 of the Complaint, Dragon King repeats and realleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King admits that it operates a restaurant open to the public within the Demised Premises and otherwise respectfully refers all questions of law to the Court.

75. Denies the allegations of paragraph 75 of the Complaint, except admits that Rockaway Property owns the Building and that Dragon King, as tenant, operates Dragon King Restaurant within the Demised Premises.

76. Denies the allegations of paragraph 76 of the Complaint.

77. Denies the allegations of paragraph 77 of the Complaint, and avers that the allegation that Plaintiff was "segregated from all other customers" is irreconcilable with Plaintiff's allegation that he was unable to enter the restaurant (Compl. ¶ 37).

78. Denies the allegations of paragraph 78 of the Complaint.

79. Denies the allegations of paragraph 79 of the Complaint.

80. Denies the allegations of paragraph 80 of the Complaint.

81. Denies the allegations of paragraph 81 of the Complaint.

82. Denies the allegations of paragraph 82 of the Complaint.

**"Third Cause of Action" (N.Y. Civil Rights Law)**

83. In response to paragraph 83 of the Complaint, Dragon King repeats and realleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

84. Denies the allegations of paragraph 84 of the Complaint.

85. Denies the allegations of paragraph 85 of the Complaint.

86. Denies the allegations of paragraph 86 of the Complaint, and avers that a private civil litigant may not obtain an adjudication of criminal guilt in a civil action.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint, including whether and when notice was served upon the Attorney General "at or before the commencement of the action," as required by N.Y. Civil Rights Law § 40-d, and demands strict proof thereof.

**"Fourth Cause of Action" (NYCHRL)**

88. In response to paragraph 88 of the Complaint, Dragon King repeats and realleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint states conclusions of law to which no response is required. To the extent a response is deemed required, Dragon King admits that it operates a restaurant open to the public within the Demised Premises and otherwise respectfully refers all questions of law to the Court.

91. Denies the allegations of paragraph 91 of the Complaint.

92. Denies the allegations of paragraph 92 of the Complaint.

93. Denies the allegations of paragraph 93 of the Complaint.

94. Denies the allegations of paragraph 94 of the Complaint.

95. Denies the allegations of paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint, and demands strict proof of service upon the New

York City Commission on Human Rights and the Corporation Counsel as required by N.Y.C. Admin. Code § 8-502(c).

97. Denies the allegations of paragraph 97 of the Complaint.

**"Fifth Cause of Action" (NYCHRL § 8-107(15))**

98. In response to paragraph 98 of the Complaint, Dragon King repeats and realleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

99. Denies the allegations of paragraph 99 of the Complaint.

100. Denies the allegations of paragraph 100 of the Complaint.

101. Denies the allegations of paragraph 101 of the Complaint.

102. Denies the allegations of paragraph 102 of the Complaint.

103. Denies the allegations of paragraph 103 of the Complaint, and avers that the Complaint does not allege that Plaintiff ever requested any accommodation from Dragon King or that Dragon King had notice that Plaintiff required one.

104. Denies the allegations of paragraph 104 of the Complaint.

**"Sixth Cause of Action" (NYCHRL § 8-107(6))**

105. In response to paragraph 105 of the Complaint, Dragon King repeats and realleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

106. Denies the allegations of paragraph 106 of the Complaint.

107. Denies the allegations of paragraph 107 of the Complaint.

**"Seventh Cause of Action" (Declaratory Relief)**

108. In response to paragraph 108 of the Complaint, Dragon King repeats and realleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

109. Denies the allegations of paragraph 109 of the Complaint.

**"Prayer for Relief"**

Dragon King denies that Plaintiff, or any putative class member, is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph of the Complaint, including subparagraphs A through K thereof, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production that it would not otherwise bear under applicable law, and reserving the right to amend this Answer to assert additional defenses as they become known through discovery, Dragon King asserts the following defenses:

### FIRST DEFENSE
(Failure to State a Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Dragon King.

### SECOND DEFENSE
(Lack of Standing)

Plaintiff lacks Article III standing to pursue injunctive or declaratory relief because the Complaint does not plausibly allege a concrete injury in fact or a real and immediate threat of future injury, including non-conclusory facts concerning the dates and circumstances of Plaintiff's alleged visits, his proximity to and history of patronizing the restaurant, or a plausible intention to return. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022). Plaintiff further lacks standing to challenge alleged barriers that he did not personally encounter and of which he had no actual knowledge, including the interior counter conditions alleged in paragraph 40(g) and (h) of

the Complaint, which Plaintiff alleges only "upon information and belief" and which, by Plaintiff's own account, he never reached.

**THIRD DEFENSE**
(Barrier Removal Not Readily Achievable; Alternative Methods)

To the extent the Building is an existing facility, Dragon King's obligation under Title III is limited to the removal of architectural barriers where such removal is "readily achievable," meaning "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304. Plaintiff bears the initial burden of articulating a plausible proposal for barrier removal the costs of which, facially, do not clearly exceed its benefits. *See Roberts v. Royal Atl. Corp.*, 542 F.3d 363 (2d Cir. 2008). The removal of the alleged barriers, many of which involve the elevation of the Building relative to the public sidewalk and the reconstruction of the Building's structural entrance, is not readily achievable by Dragon King, a small tenant-operated restaurant with limited financial resources and no ownership interest in, or legal right to structurally alter, the Building or the sidewalk. To the extent barrier removal is not readily achievable, Dragon King has made, or will make, its goods and services available through alternative methods that are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. § 36.305.

**FOURTH DEFENSE**
(Structural Impracticability, Technical Infeasibility, and Disproportionality)

To the extent any portion of the Building was newly constructed or altered within the meaning of 42 U.S.C. § 12183, full compliance was and is structurally impracticable and/or technically infeasible, and any path-of-travel obligation is limited by the disproportionality provisions of 28 C.F.R. § 36.403(f). *See* 42 U.S.C. § 12183(a); 28 C.F.R. §§ 36.401(c), 36.402(c), 36.403.

**FIFTH DEFENSE**
(Undue Burden and Fundamental Alteration)

The modifications and auxiliary measures sought by Plaintiff would impose an undue burden on Dragon King and/or would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered. 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii).

**SIXTH DEFENSE**
(Lack of Ownership, Possession, or Control; Allocation of Responsibility to Landlord)

The conditions alleged in the Complaint relating to the public sidewalk, the exterior approach, changes in level, the Building entrance and storefront, maneuvering clearances outside the entrance door, and means of egress (Compl. ¶ 40(a)–(f), (i)) are located in areas outside the Demised Premises that are owned, possessed, and controlled by Rockaway Property, and relate to structural and exterior elements of the Building that Dragon King has no legal right to alter without the consent of Rockaway Property and, where applicable, the New York City Department of Buildings and Department of Transportation. Dragon King, a tenant, cannot be held liable for, or compelled to remedy, conditions that it did not create and does not control.

**SEVENTH DEFENSE**
(1991 Standards Safe Harbor)

To the extent any element of the Demised Premises complies with the 1991 Standards and has not been altered on or after March 15, 2012, such element is not required to be modified to comply with the 2010 Standards. 28 C.F.R. § 36.304(d)(2)(i).

**EIGHTH DEFENSE**
(No Damages Under Title III)

Monetary damages are not available to a private plaintiff under Title III of the ADA, which authorizes only injunctive relief and, in the Court's discretion, attorney's fees and costs. 42 U.S.C. §§ 12188(a)(1), 12205; 42 U.S.C. § 2000a-3(a).

**NINTH DEFENSE**
(Mootness)

To the extent any alleged barrier has been, or during the pendency of this action is, remediated, Plaintiff's claims for injunctive and declaratory relief with respect thereto are moot.

**TENTH DEFENSE**
(Statutes of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations to the extent they are premised on visits, events, or conduct occurring outside the applicable limitations periods, including N.Y. C.P.L.R. § 214(2) and N.Y.C. Admin. Code § 8-502(d).

**ELEVENTH DEFENSE**
(Failure to Satisfy Civil Rights Law § 40-d Notice Requirement)

Plaintiff's Third Cause of Action is barred to the extent Plaintiff failed to serve notice upon the Attorney General "at or before the commencement of the action," which is a condition precedent to recovery of the penalty prescribed by N.Y. Civil Rights Law § 40-d. Plaintiff's Third Cause of Action is further barred to the extent it seeks multiple penalties for what is, at most, a single alleged violation, and to the extent it seeks a criminal adjudication that is not available in a civil action.

**TWELFTH DEFENSE**
(Failure to Comply with N.Y.C. Admin. Code § 8-502(c))

Plaintiff's NYCHRL claims are subject to dismissal or other appropriate relief to the extent Plaintiff failed to serve a copy of the Complaint upon the New York City Commission on Human Rights and the Corporation Counsel within ten days of commencement, as required by N.Y.C. Admin. Code § 8-502(c).

**THIRTEENTH DEFENSE**
(Punitive Damages Not Warranted)

Plaintiff is not entitled to punitive damages because Dragon King did not engage in discrimination with willful or wanton negligence, recklessness, or a conscious disregard of the rights of others, or conduct so reckless as to amount to such disregard. *See Chauca v. Abraham*, 30 N.Y.3d 325 (2017). The Complaint pleads no facts suggesting that Dragon King was ever made aware of Plaintiff, of any request for accommodation, or of any alleged barrier prior to the commencement of this action.

**FOURTEENTH DEFENSE**
(No Cooperative Dialogue Obligation Triggered)

Plaintiff's claim under N.Y.C. Admin. Code § 8-107(28) fails because Plaintiff never requested an accommodation from Dragon King and Dragon King had no notice that Plaintiff may require one, and, to the extent § 8-107(28) does not apply to providers of public accommodations, the claim fails as a matter of law.

**FIFTEENTH DEFENSE**
(Class Allegations Fail)

The putative class allegations fail because Plaintiff cannot satisfy the requirements of Fed. R. Civ. P. 23(a) and (b), including numerosity, commonality, typicality, adequacy, predominance,

and superiority, and because claims for individualized compensatory damages, emotional distress damages, and statutory penalties are not susceptible to class-wide adjudication.

**SIXTEENTH DEFENSE**
(Conduct of Others; Apportionment)

Any injury or damages allegedly sustained by Plaintiff were caused, in whole or in part, by the acts or omissions of persons or entities other than Dragon King, including Rockaway Property and its predecessors in interest, over whom Dragon King had no control. Any recovery against Dragon King on Plaintiff's state and municipal law claims must be reduced or apportioned accordingly, including pursuant to N.Y. Gen. Oblig. Law § 15-108 and C.P.L.R. Article 16, to the extent applicable.

**SEVENTEENTH DEFENSE**
(Failure to Mitigate)

Plaintiff's claims for damages are barred or must be reduced to the extent Plaintiff failed to mitigate his alleged damages, including by failing to notify Dragon King of any alleged barrier or to request assistance or an accommodation prior to commencing suit.

**EIGHTEENTH DEFENSE**
(Supplemental Jurisdiction)

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state and municipal law claims pursuant to 28 U.S.C. § 1367(c), including in the event Plaintiff's ADA claim is dismissed or rendered moot, and to the extent those claims raise novel or complex issues of state law or predominate over the federal claim.

## NINETEENTH DEFENSE
(Reservation of Rights)

Dragon King has not knowingly or intentionally waived any applicable defense and reserves the right to assert and rely upon such additional defenses as may become available or apparent during discovery, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Dragon King Restaurant 268 Inc. respectfully requests that the Court enter judgment:

(a) dismissing the Complaint against Dragon King in its entirety, with prejudice;

(b) denying certification of any class;

(c) granting Dragon King such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Dragon King demands a trial by jury on all issues so triable.

Dated: New York, New York
October 15, 2026

Respectfully submitted,

**THE COSTO LAW OFFICES**

By: ______________________________

James Costo, Esq.
11 Park Place, Suite 1100
New York, New York 10007
Tel.: (646) 543-0406
Email: costolaw@gmail.com
*Attorneys for Defendant Dragon King Restaurant 268 Inc.*

TO:

James E. Bahamonde, Esq.
Law Offices of James E. Bahamonde, P.C.
2501 Jody Court
North Bellmore, New York 11710
Tel.: (646) 290-8258
James@CivilRightsNY.com
*Attorneys for Plaintiff* (via ECF)

13123 Rockaway Property Inc.
Attn: Ming Jie Lu
131-23 Rockaway Boulevard
South Ozone Park, New York 11420
*Defendant* (via ECF and first-class mail)

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I caused the foregoing Answer and Affirmative Defenses of Defendant Dragon King Restaurant 268 Inc. to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and further caused a true copy thereof to be served by first-class United States mail, postage prepaid, upon the following party that has not appeared through counsel registered with CM/ECF:

> 13123 Rockaway Property Inc., Attn: Ming Jie Lu, 131-23 Rockaway Boulevard, South Ozone Park, New York 11420.

James Costo, Esq.