**THE COSTO LAW OFFICES**
11 Park Place, Suite 1100 • New York, New York 10007
Tel.: (646) 543-0406 • www.costolawoffices.com • costolaw@gmail.com

November 18, 2026

**VIA ECF**
Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Lee v. 13123 Rockaway Property Inc., et al.***
**Case No. 1:26-cv-05885 (HG)**
**Consent Letter Motion to Extend Time to Answer or Otherwise Respond**

Dear Judge Gonzalez:

This firm represents Defendant 13123 Rockaway Property Inc. ("Rockaway Property") in the above-referenced action. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Section I.C of Your Honor's Individual Practices, we respectfully write, with the consent of Plaintiff's counsel, to request a thirty (30) day extension of Rockaway Property's time to answer, move, or otherwise respond to the Complaint (ECF No. 1), from October 23, 2026 to and including December 18, 2026.

In accordance with Section I.C.2 of Your Honor's Individual Practices, Rockaway Property states as follows:

(a) *Original and proposed dates.* Plaintiff served the Summons and Complaint on Rockaway Property on October 2, 2026, by delivery to the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306, making its response due on October 23, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Rockaway Property proposes that its time to answer, move, or otherwise respond be extended to and including December 18, 2026.

(b)–(c) *Previous requests.* This is Rockaway Property's first request for an extension of this deadline. No prior request has been granted or denied.

(d) *Consent.* Plaintiff's counsel, James E. Bahamonde, Esq., consents to the relief requested by email dated November 18, 2026.

(e) *Other scheduled dates.* The parties have submitted a joint status report and proposed scheduling order on November 18, 2026.

(f) *Grounds.* As set forth below.

We recognize that this request is made after the expiration of the original deadline and that, under Section I.C.1 of Your Honor's Individual Practices, such requests are ordinarily denied. We respectfully submit that good cause and excusable neglect exist here. *See* Fed. R. Civ. P. 6(b)(1)(B); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)

(considering danger of prejudice, length of delay and its impact on proceedings, reason for delay, and good faith); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

The delay was not willful. Rockaway Property is a small, closely held corporation, and it was not served personally; service was made upon the Secretary of State, which then forwards process by mail to the address on file. At the time the papers were served, its principal was out of town and did not return until early November, 2026. Upon his return, he promptly sought legal representation but, not being familiar with any attorneys admitted to practice in this Court, required additional time to locate and retain counsel admitted in the Eastern District of New York. This firm was retained on or about November 16, 2026, and promptly contacted Plaintiff's counsel, who consented to this request. The Second Circuit treats the reason for the delay as the most significant factor, *Silivanch*, 333 F.3d at 366, and Rockaway Property acted promptly to cure the default once counsel was engaged. The delay is brief—less than one month—and no certificate of default has been requested or entered. Plaintiff, who consents to this request, will suffer no prejudice, and the action remains at its earliest stage. Rockaway Property has acted in good faith and intends to defend this action on the merits, and the requested extension will allow counsel to review the Complaint, investigate the conditions alleged at the subject premises, and prepare an appropriate response. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) (noting the strong preference for resolving disputes on the merits).

Accordingly, Rockaway Property respectfully requests that the Court extend its time to answer, move, or otherwise respond to the Complaint to and including December 18, 2026.

The parties also respectfully request that any Court ordered conference not be scheduled until on or about January 15, 2027, so that defendants can obtain an engineer/architect, and the parties can have meaningful settlement discussions.

We thank the Court for its time and consideration of this request.

Respectfully submitted,

**THE COSTO LAW OFFICES**

By: /s/ James Costo
James Costo, Esq.
*Attorneys for Defendant*
*13123 Rockaway Property Inc.*

cc: James E. Bahamonde, Esq. (via ECF)
*Attorney for Plaintiff*